```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
MICHAEL BUXBAUM,                                             :
                                                             :
                              Plaintiff,                     :
                                                             :         24-CV-9784 (VSB)
                  -against-                                  :
                                                             :              ORDER
WEBULL FINANCIAL LLC,                                        :
                                                             :
                              Defendant.                     :
------------------------------------------------------------ X
```

VERNON S. BRODERICK, United States District Judge:

On December 17, 2024, pro se Plaintiff Michael Buxbaum commenced this action by filing a Complaint against Defendant Webull Financial LLC. (Doc. 1.) One day later, Plaintiff filed an Amended Complaint. (Doc. 4 ("Amended Complaint" or "Am. Compl.").) On December 23, 2024, Plaintiff filed a Second Amended Complaint. (Doc. 5.) On December 31, 2024, Plaintiff filed yet another complaint, this time styled as a "Supplemental Complaint." (Doc. 6.) The Court now sua sponte DISMISSES the Amended Complaint without prejudice and with leave to replead.

As an initial matter, I note that under Federal Rule of Civil Procedure 15(a)(1), a party is permitted to "amend its pleading once as a matter of course." After a party has amended its pleading once, it must obtain leave of court or the written consent of the opposing party to amend its pleading again. *See* Fed. R. Civ. P. 15(a)(2). Plaintiff amended his complaint three times without seeking leave of court or consent of Defendant. The Amended Complaint submitted on December 18, 2024 was validly filed as a matter of course pursuant to Rule 15(a)(1), and thus I will treat it as the operative pleading in this action.[1]

---

[1] I note that all four versions of Plaintiff's Complaint are similar, and even if I adopted the third or fourth version of Plaintiff's Complaint, it would not change the outcome of this order.

1

Plaintiff indicates that this court has both federal question jurisdiction and diversity of citizenship jurisdiction over this case. (Am. Compl. at 3.) As to federal question jurisdiction, Plaintiff writes that the federal statute at issue is "US Code Title 12." (*Id.*) Title 12 contains 55 chapters, each comprised of multiple sections, related to national banks, the federal reserve system, taxation, foreign banking, farm credit, among other things. Plaintiff must specifically identify which part of Title 12 grants him a cause of action. *See Andrews v. Citimortgage, Inc.*, No. 14-CV-1534, 2015 WL 1509511, at *3 (E.D.N.Y. Mar. 31, 2015) ("[A] plaintiff seeking to invoke federal question jurisdiction must cite some particular federal statute or section of the Constitution or a treaty that confers jurisdiction on a district court." (internal quotation marks omitted)). As Plaintiff fails to identify a specific statute conferring federal jurisdiction or allege facts to support such a federal claim, the Amended Complaint does not establish federal question jurisdiction.

Plaintiff also claims that there is subject matter jurisdiction based on diversity of citizenship between the parties. (Am Compl. at 3.) Diversity of citizenship exists where an action is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Here, Plaintiff alleges that he is a citizen of Florida, while Defendant Webull Financial LLC was incorporated in New York. (Am. Compl. at 3–4.) Defendant, however, is an LLC. Although the Amended Complaint identifies Defendant's state of incorporation, it does not plead the citizenship of each of Defendant's constituent members. The Amended Complaint therefore ignores that, for diversity purposes, an LLC is a citizen of every state of which its members are citizens. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000); *Dumann Realty, LLC v. Faust*, No. 09-CV-7651, 2013 WL 30672, at *2 (S.D.N.Y. Jan. 3, 2013) (recognizing that an LLC "is completely diverse from opposing parties only if *all* of the members of the LLC are citizens of different states than *all* opposing parties"). Furthermore, the Amended Complaint does not allege that the amount in controversy exceeds $75,000. (Am. Compl. at 4.) Accordingly, on its face, the Amended Complaint fails to properly plead the existence of diversity jurisdiction.

When a complaint fails to plead subject-matter jurisdiction, courts are obligated to dismiss it sua sponte.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *cf.*, *Bodhi Bldg. v. Elmsford Chicken, LLC*, No. 21-CV-919, 2021 WL 466009, at *3 (S.D.N.Y. Feb. 9, 2021) (dismissing action for failure to allege citizenship of each member of limited liability company); *Laufer Wind Grp. LLC v. DMT Holdings LLC*, No. 10-CV-8716, 2010 WL 5174953 (S.D.N.Y. Dec. 20, 2010) (same).

Accordingly, Plaintiff's Amended Complaint, (Doc. 4), is DISMISSED without prejudice and with leave to replead.  Plaintiff's Second Amended Complaint and Supplemental Complaint, (Docs. 5, 6), are STRICKEN for failure to comply with Federal Rule of Civil Procedure 15(a)(2).  Plaintiff's motion seeking a court order granting the relief sought in the First Amended Complaint, (Doc. 8), is hereby DISMISSED as moot.

Plaintiff has thirty days to file an Amended Complaint that properly asserts subject-matter jurisdiction.  If Plaintiff fails to submit an Amended Complaint within that time frame, the Clerk of the Court is directed to terminate this action.

SO ORDERED.

Dated:  January 22, 2025
          New York, New York

_____
Vernon S. Broderick
United States District Judge