UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                            :

MICHAEL BUXBAUM,                :

                            :

                    Plaintiff,    :

                            :          24-CV-09784 (VSB) (SDA)

          - against -         :

                            :              **ORDER**

                            :

WEBULL FINANCIAL, LLC,     :

                            :

                    Defendant.  :

                            :
----------------------------------------------------------X

Appearances:

Michael Buxbaum
Boca Raton, FL
*Pro Se Plaintiff*

Danielle Gill
Webull Financial LLC
New York, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

On December 17, 2024, Plaintiff Michael Buxbaum ("Plaintiff" or "Buxbaum") filed this action against Webull Financial ("Defendant" or "Webull"). (Doc. 1.) On December 18, 2024, Plaintiff filed an amended complaint. (Doc. 4.) On January 22, 2025, I issued an order dismissing Plaintiff's amended complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 15(a)(2) and granting him leave to refile. (Doc. 11.) On January 20, 2025, Plaintiff filed his second amended complaint, the operative complaint in this action. (Doc. 13, ("Second Amended Complaint" or "SAC").)

Plaintiff alleges that Webull improperly denied his request to transfer money in violation of various laws and obligations, depriving him of the opportunity to "purchase and sell or send or deliver" cryptocurrency.  (SAC at 6.)  On March 13, 2025, I referred this case to Magistrate Judge Stewart D. Aaron for general pretrial, (Doc. 21), and on June 10, 2025, I amended the referral to include all motions, (Doc. 62).

On April 11, 2025, Plaintiff filed a motion for summary judgment.  (Doc. 29.)  On May 2, 2025, Plaintiff filed another motion seeking injunctive relief.  (Doc. 39.)  On May 16, 2025, Plaintiff filed two more motions for damages, (Docs. 45, 47), with accompanying memoranda of law, (Docs. 46, 48), and affidavits, (Docs. 49–50).  On May 27, 2025, Defendant filed a motion to dismiss (Doc. 53), with an accompanying memorandum of law, (Doc. 54), and declaration, (Doc. 55).  On May 28, 2025, Plaintiff filed a letter motion.  (Doc. 59.)  On June 5, 2025, Defendant filed a reply memorandum of law in support of its motion to dismiss.  (Doc. 61.)

On November 13, 2025, Magistrate Judge Aaron issued a thorough 19-page Report and Recommendation recommending that "Defendant's Motion to Dismiss be GRANTED, pursuant to Rule 12(b)(1), for failure to allege facts demonstrating subject matter jurisdiction, or, in the alternative, pursuant to Rule 12(b)(6), for failure to state a claim."  (Doc. 63 ("Report" or "Rep.") at 1.)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Although the Report explicitly provided that "[t]he parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure" and "[t]he failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," (Rep. 19 (capitalization altered)), neither party filed an objection or requested additional time to do so.  I have reviewed Magistrate Judge Aaron's detailed and well-reasoned Report for clear error and, after careful review, find none.  I therefore ADOPT the Report in its entirety.

As Judge Aaron correctly points out in the Report, "diversity jurisdiction may be lacking" in this case. (Rep. 18.)  Although "the Court is obliged to construe *pro se* pleadings liberally," *Randolph v. Goodman*, No. 25-CV-04833, 2025 WL 2410503, at *1 (S.D.N.Y. Aug. 20, 2025) (citing *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)), "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists," *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  Therefore, "[t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322–23 (2d Cir. 2001) (alteration in original) (internal quotation marks omitted).  Any attempt by Plaintiff to replead his case must include concrete and particularized allegations that diversity jurisdiction is proper, i.e., that he and Defendant are citizens of different states and the amount in controversy is more than $75,000.  *See* 28 U.S.C. § 1332.

Further, "[a] court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Magee v. Nassau*

3

*Cnty. Med. Ctr.*, 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998) (citing *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990); *Sanger v. Reno*, 966 F. Supp. 151, 159 (E.D.N.Y. 1997)). Therefore, I do not reach the issue of whether Plaintiff's suit can be dismissed on Rule 12(b)(6) grounds. However, Plaintiff should be cognizant that I do find Judge Aaron's ruling on the Defendants' Rule 12(b)(6) motion to be well reasoned, (*see* Rep. 11–16), and if Plaintiff does attempt to replead his case with concrete and particularized allegations of diversity jurisdiction, he must also surmount the substantial hurdles laid out by Judge Aaron in the Report.

Therefore, Defendant's motion to dismiss, (Doc. 53), is GRANTED without prejudice pursuant to Rule 12(b)(1). Plaintiff's motions (Docs. 29, 39, 45, 47, and 59) are DENIED. The Clerk of Court is respectfully directed to terminate all pending motions. Plaintiff shall file a Third Amended Complaint no later than 30 days from this Opinion & Order. Failure to do so may result in dismissal of this action with prejudice.

SO ORDERED.

Dated: December 12, 2025
     New York, New York

Vernon S. Broderick
United States District Judge